**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4632**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DONTE LUTHER WILLIAMSON, a/k/a Luther Doneta Williamson, a/k/a D Will,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00433-NCT-8)

Submitted:  April 4, 2019                         Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Luther Williamson appeals the district court's judgment revoking his supervised release and sentencing him to concurrent terms of 12 months in prison. Williamson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which she concludes that there are no meritorious grounds for appeal. Although advised of his right to file a pro se supplemental brief, Williamson has not filed one. The Government has declined to file a response brief. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review a district court's revocation decision for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Because Williamson admitted all the charged violations, the district court did not abuse its discretion when it revoked his supervised release.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

2

"To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Slappy*, 872 F.3d at 207. In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" *i.e.*, "clear" or "obvious." *Slappy*, 872 F.3d at 208 (internal quotation marks and brackets omitted).

Applying these standards, we conclude that Williamson's within-policy statement range sentence is neither procedurally nor substantively unreasonable, and therefore is not plainly unreasonable. The district court heard the parties' arguments, allowed Williamson to allocute, and sentenced Williamson to concurrent 12-month terms that were within the statutory maximum and at the low end of the properly-calculated policy statement range. We discern no reason to question the reasonableness of Williamson's sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williamson, in writing, of the right to petition the Supreme Court of the United States for further review. If Williamson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williamson. We dispense with oral argument because the facts rand legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*